**HURLESS, d. b. a. RAY'S PLAYHOUSE, Appellant, v. DEPARTMENT OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5275.   Decided October 28, 1955.

Reed Winegardner, Washington C. H., McFadyen & Swisher, Norton R. Webster, of Counsel, Columbus, for appellant.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By THE COURT.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control which had affirmed an order of the Department suspending appellant's license permits Class C-2 and D-2 for a period of 120 days. The charge found to have been proven was that,

"the permittee on June 8, 1952, at about 1:40 A. M. prevented, hindered and obstructed officers of the law from making an inspection or search of his permit premises in furtherance of their duties."

We have before us the opinion of Judge Gessaman affirming the order of the Board of Liquor Control and might well affirm on this opinion, with which we agree in all material particulars. We do not, however, pass specifically upon the authority of this court to modify an order of the Board of Liquor Control which is found to have been supported by reliable, probative and substantial evidence. Suffice to say, that if we had such authority it is only when it is found that the order of the Board discloses an abuse of discretion. This we cannot find on the instant appeal.

We comment briefly upon some of the contentions urged in this Court by the appellant.

It is said that if former §6064-63 GC authorizes officers of the law to make an inspection or search of the permit premises without a search warrant it is unconstitutional, in derogation of **Article I, Section 14 of the Ohio Constitution.** This provision of the Constitution is a protection of the private citizen against **unreasonable** searches and seizures. Independent of §6064-63 GC, upon the testimony of the Inspector of the Board, he had probable cause to believe that an offense was being committed in the permit premises when he sought entrance thereto and this would have justified a search. It may not be said that a search is unreasonable if at the time a criminal offense, in probability, is being committed.

It is urged that §6064-63 GC must be qualified by reading into it the necessity that to give effect to the right accorded an officer to make search, he must hold a search warrant. If such requirement was requisite to the effectiveness of the section there would have been no need or purpose for its enactment because with a search warrant an officer could do all that the section authorizes, provided only that he show proper cause.

The §6064-63 GC must be read in connection with §6064-61 GC and so doing, it is manifest that the officers mentioned in §6064-63 GC are exempted from the provision of §6064-61 GC.

The necessity of legislation such as is embodied in §6064-63 GC to the proper enforcement of the Liquor Control Act is self-evident. Such a provision restricted to the premises of permit holders manifestly does not contemplate an unreasonable search or seizure.

Finally, appellee, as a permittee under the Liquor Control Act, is not in the status of a private citizen. He secures his permit, operates the permit premises and conducts his business subject to the provisions of the Liquor

Control Act. If, in any particular, it could be said that §6064-63 GC invaded his Constitutional rights, it is such a Constitutional right as could be waived. By securing his permit and electing to operate under the Liquor Control Act, he has waived the Constitutional protection, if any, of the Ohio Constitution as to the right to search his premises and seize property if found to be in violation of law.

We are satisfied that the Common Pleas Court judgment in this case was correct in all particulars and should be affirmed.

Judgment affirmed.

MILLER, PJ, HORNBECK, and FESS, JJ, concur.